# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROSA HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS |
| REXAM CONSUMER PLASTICS, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | **JURY DEMANDED** |
| ) | |

## JURISDICTION AND VENUE

1. This is an action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.* This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, ROSA HERNANDEZ, has fully complied with the procedural requirements of the ADA. She filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff, ROSA HERNANDEZ (hereinafter "HERNANDEZ"), was employed by the Defendant.

5. At all times herein mentioned, Defendant, REXAM CONSUMER PLASTICS, Inc., (hereinafter "REXAM") was and is believed and alleged hereon to be a Delaware corporation duly organized, existing, and operating within the jurisdiction of this Court.

REXAM is also an employer subject to suit under the ADA in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6. Defendant is a company in the business of manufacturing packaging for beverages.

7. Plaintiff is disabled as that term is defined by the ADA, in as much as she is mentally challenged, and has an IQ that is substantially lower than what is considered within normal limits. Additionally, plaintiff has been diagnosed with cancer.

8. Plaintiff began employment with REXAM on or about August 29, 2001.

9. At all relevant times described herein, Plaintiff was employed in the position of Machine Operator.

10. At all material times, Plaintiff performed her job according to her employer's legitimate expectations.

11. In or about April, 2008, plaintiff was diagnosed with cancer and went on medical leave.

12. In December, 2008, plaintiff notified REXAM that she was able to return to work with some reasonable accommodations.

13. On or about January 9, 2009 plaintiff returned to work for REXAM, and performed her duties in a manner that met REXAM's reasonable expectations.

14. On or about January 14, 2009, REXAM involuntarily terminated plaintiff's employment. REXAM asserted the reason for this termination was plaintiff's alleged failure to return to work before missing 9 scheduled work days.

15. Defendant's reason for Plaintiff's termination is false and merely pretext for illegal discrimination.

16. Plaintiff is informed and believes and alleges thereon that she was replaced by someone not who was not disabled, and other non-disabled similarly situated employees without disabilities were not terminated for committing the same infractions REXAM alleges was committed by plaintiff.

17. Plaintiff was terminated because of her disability.

18. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

19. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT FOR
## DISCRIMINATION ON THE BASIS OF PLAINTIFF'S DISABILITY

20. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

21. Plaintiff is Disabled in as much as she is mentally challenged, and has an IQ that is substantially lower than what is considered within normal limits. Additionally, plaintiff has been diagnosed with cancer.

22. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

23. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because she is disabled.

24. Defendant's discrimination against Plaintiff was intentional.

25. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was terminated.

26. Similarly situated non-disabled employees were not subjected to the same terms and conditions of employment as was Plaintiff.

27. Defendant's reason for terminating plaintiff is false and merely pretext for illegal discrimination.

28. Defendant's actions, as described above, are in violation of the ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her disability

29. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ROSA HERNANDEZ, by and through her attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

  B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

  C. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

  D. That the Court grant such other and further relief as the Court may deem just or equitable.

        BY: s/ Garrett Browne
           Garrett Browne
           ED FOX & ASSOCIATES
           Attorneys for Plaintiff
           300 West Adams
           Suite 330
           Chicago, Illinois 60606
           (312) 345-8877
           gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                      BY:    s/ Garrett Browne
                                  Garrett Browne
                                  ED FOX & ASSOCIATES
                                  Attorneys for Plaintiff
                                  300 West Adams
                                  Suite 330
                                  Chicago, Illinois 60606
                                  (312) 345-8877
                                  gbrowne@efox-law.com